## STATE OF MAINE *vs.* ANDREW L. KNOWLTON.

## Waldo. Opinion January 16, 1917.

*Returning indictment into Court. General rule as to what the Court record should contain. Necessary allegations in a plea of abatement, when indictment has not been properly returned.*

1. In case of an indictment, the record must show that it was returned into court by the grand jury, either by a docket entry made at the time of the return, or by an indorsement of the fact upon the indictment itself, or it will be held bad on plea in abatement.
2. A plea in abatement to an indictment which denies that it was docketed, but does not deny that it was indorsed by stating the fact of its return, is bad.
3. When a plea in abatement to an indictment is overruled, a respondeas ouster is awarded.

Indictment for selling intoxicating liquor contrary to statute, returned by the grand jury for Waldo county, April term, 1916. It appears that at said term the indictment was returned against the respondent, but the clerk of court did not enter upon his docket any fact relating to this indictment. Soon after the April term adjourned, respondent was arrested and gave bail to September term, 1916, at which term respondent filed plea in abatement to said indictment, alleging "that said indictment was never legally returned into said court, for the reason that no entry upon the docket of said court nor record of said indictment was ever made in said court until after the final adjournment of that term of court, at which said indictment purports to have been found." To this plea in abatement, the attorney for the State demurred. Issue was joined on the demurrer. The demurrer was sustained. The plea in abatement was overruled; to which ruling respondent filed exceptions. Exceptions overruled.

Case stated in opinion.

*Walter A. Cowan,* County Attorney, for State.

*J. D. Harriman,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, HALEY, HANSON, MADIGAN, JJ.

SAVAGE, C. J.  To the indictment in this case, the respondent pleaded in abatement, and the State demurred to the plea.  The demurrer was sustained, and the respondent excepted.

The question presented is whether, when an indictment is regularly returned into court by a grand jury and is placed in the custody of the clerk, proof of the fact that the clerk does not enter it upon the docket until after adjournment of the term is fatal to the indictment.  We think it is not necessarily so.

It is a common practice not to enter upon the docket indictments where the respondents have not previously been apprehended, and are not in custody, nor under bail.  The practice is a necessary one; otherwise the parties indicted might be apprised of the fact, and escape before arrest.  This necessity is recognized in section 8, of chapter 135 of the Revised Statutes, which provides that "no grand juror or officer of the court shall disclose that an indictment for felony has been found against any person not in custody, or under recognizance, until he is arrested, except by issuing process for his arrest."  A court docket is open to public inspection, and to enter an indictment for a felony upon the docket before an arrest has been made would be violative of this statute, unless the indicted party is in custody or under recognizance.  Though the statutory prohibition extends only to indictments for felonies, the principle which it seeks to enforce applies as well to all grades of offenses.

The respondent contends that it was the duty of the clerk to docket the indictment during the term, and that he had no authority to do so after adjournment.  It is the general rule that the record must show that the indictment was returned into court by the grand jury, either by an entry made at the time of the return, or by an indorsement of the fact upon the indictment itself; and that in the absence of a record entry, or of such an indorsement, the indictment will be had on plea in abatement.  10 Cyc. of Pleading and Practice, 410, and cases cited.  In view of this rule, the defendant's plea is bad.  It denies that the indictment was docketed, but it does not deny the alternative requirement of indorsement by the clerk.  All that is alleged in the plea may be true and yet the

indictment may be good.    On this ground, in any event, the demurrer was properly sustained.

We have no necessity to discuss the authority of the clerk to docket the indictment in vacation.

The exceptions must be overruled and respondeas ouster awarded. *State* v. *Pike,* 65 Maine, 111.

*Exceptions overruled.*